UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIRECTV, INC.,

      Plaintiff,

-vs-                                 Case No. 6:03-cv-1027-Orl-19KRS

DALE MILLER,

      Defendant.

## ORDER

This case comes before the Court on the following:

1. Defendant's Motion for Summary Judgment. Doc. No. 21.

2. Memorandum in Support of Motion for Summary Judgment. Doc. No. 22.

3. Plaintiff DirecTV's Memorandum in Opposition to Defendant Dale Miller's Motion for Summary Judgment. Doc. No. 27.

### Background

Plaintiff DirecTV ("DirecTV") broadcasts a variety of television programming from its network of satellites. DirecTV bundles its channels into programming packages and pay-per-view events so its customers can tailor their subscriptions to suit their own tastes. Doc. No. 27, p. 2. To ensure that only subscribers are able to watch its programming, DirecTV encrypts its satellite transmissions and requires its customers to use specialized equipment, including something called an access card, to decode the signals. *Id.* DirecTV continually upgrades its security protocols to exclude unauthorized viewers, known as pirates. One strategy is to transmit a special signal, called an electronic countermeasure, throughout the system which disables unauthorized access

cards by instructing them to perform a meaningless operation over and over again in an infinite loop. *Id.* at pp. 3-4.

Pirates, however, work just as assiduously to defeat DirecTV's encryption and electronic countermeasures. Various companies, including Vector Technologies, devised a way to "unloop" disabled access cards and thereby render them useful again for unlawfully decoding DirecTV. *Id.* at p. 4. It is undisputed in the record that Defendant bought two "Vector Super Unloopers" in March 2001 from Vector Technologies. It is further undisputed that these devices have no legitimate use and the purpose for which they were expressly designed is the theft of DirecTV viewing. *Id.* at p. 3.

Defendant does not deny that he purchased the unloopers. He simply avers that he has never illegally intercepted DirecTV. Doc. No. 24, Miller Aff. ¶ 3. He also states that he is a DirecTV subscriber. In support of this latter contention, he attaches to his memorandum a bill from DirecTV indicating that he was a subscriber in at least July and August, 2003.[1] Doc. No. 22, Ex. C.

**Standard of Review**

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the

---

[1] This bill is labeled Exhibit "C." Exhibits "A" and "B," however, do not appear to exist.

nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. *Id.* (citation omitted).

## Analysis

### 1.   Overview

Defendant's motion for summary judgment is premised on his belief that DirecTV "must provide testimony, a witness, or some scintilla of evidence of **actual illegal interception of the satellite signal**." Doc. No. 22, p. 1 (emphasis in original). He contends that DirecTV has "**no credible evidence**" to substantiate its allegation that he pirated its broadcasts. *Id.* at p. 2 (emphasis in original). What Defendant appears to mean is that DirecTV cannot prevail as a matter of law because it does not have the testimony of an eyewitness who saw Defendant using his unlooper to watch illegally intercepted programming. Defendant also points for good measure to a bill from DirecTV indicating that he paid for a July 2003 subscription and owed for an August 2003 subscription. *Id.*, Ex. C. This is presumably meant to imply that Defendant is a

legitimate customer. As will become evident, however, Defendant's conclusions are grounded in poor reasoning and an erroneous understanding of the law of evidence.

DirecTV, on the other hand, argues that 18 U.S.C. section 2520 imposes civil liability for violations of the criminal provision 18 U.S.C. section 2512, which makes it a crime, *inter alia*, to possess any device whose primary purpose is the unauthorized interception of wire, oral, or electronic communications. Doc. No. 27, pp. 1, 5-8. In support of its argument, DirecTV cites the legislative history of section 2512 as well as *U.S. v. Herring*, 993 F.2d 784 (11th Cir. 1993). *Id.* at pp. 5-8. As will become evident, however, these citations are not only inapposite but irrelevant as well because the Court has already ruled that DirecTV may not recover civilly for a violation of section 2512.

The Court will address the arguments of each party in turn, beginning with DirecTV.

## 2. Is DirecTV's evidence of a section 2512 violation sufficient to resist summary judgment?

DirecTV's memorandum in opposition to summary judgment focuses exclusively on count three of the complaint, a violation of 18 U.S.C. section 2512. *See* Doc. No. 27, pp. 5-8. DirecTV contends that Defendant's purchase of the unloopers is conclusive proof that he violated section 2512, which criminalizes the possession of piracy equipment, and he is, therefore, civilly liable pursuant to section 2520.

While its reasoning is impeccable, DirecTV overlooks one salient fact: DirecTV's cause of action under section 2512 was dismissed in September, 2003. *See* Doc. No. 17. The only pending claims against Defendant are counts one and two, which DirecTV

-4-

neglects to address in any way in its memorandum. Strictly speaking, DirecTV's failure to contest Defendant's motion for summary judgment on counts one and two creates a strong presumption that the requested relief is unopposed. *See* Doc. No. 20, p. 5. (Case Management and Scheduling Order stating "Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."). DirecTV, in other words, has exposed itself to an adverse summary judgment ruling because it has not addressed the issues on point in response to Defendant's motion for summary judgment.

### 3. Could a reasonable jury find for DirecTV?

As mentioned earlier, Defendant contends that he cannot be held liable under counts one and two, which claim that he stole DirecTV's programming in violation of 47 U.S.C. section 605(a) (count one) and 18 U.S.C. section 2511 (count two), because DirecTV has no eyewitness evidence that he ever used his unloopers to intercept satellite transmissions illegally. He cites *DirecTV v. Jacas*, 6:03-cv-800-ORL-31-JGG, which held that a default judgment for illegal interception was improper where DirecTV's evidence consisted of nothing but an inference of interception based on the mere possession of satellite piracy equipment. *See* Doc. No. 22, p. 2. Defendant makes two additional assertions. First, he claims that he is an active DirecTV subscriber, implying, the Court supposes, that he is a legitimate customer, not a signal pirate. *Id.* Second, he contends his "litigation is part of a cynical corporate strategy that is abusing the Federal Court System on a nationwide basis." *Id.*

To begin with, Defendant must understand that there are two types of evidence: direct and circumstantial. Direct evidence consists of evidence which "if believed

immediately establishes the factual matter to be proved by it without the need for inferences." *Merriam-Webster's Dictionary of Law* (1996). Examples of direct evidence include eyewitness testimony or a videotape of some wrongdoing. Circumstantial evidence, on the other hand, tries to prove a primary fact by proving related facts, which if believed support an inference that the primary fact is true. *Id.* Examples of circumstantial evidence include fingerprints or DNA, which, if found at a crime scene, support the inference that the person to whom the fingerprints or DNA belong was at the crime scene. Direct evidence is neither inherently superior to nor inferior to circumstantial evidence. The reliability and persuasiveness of all evidence, whether direct or circumstantial, must be evaluated on a case-by-case basis.

When Defendant states that DirecTV has no evidence that he has illegally intercepted satellite transmissions, what he means to say is that DirecTV has no direct evidence. DirecTV, in other words, does not have eyewitness testimony or videotape evidence of Defendant sitting in his living room watching DirecTV for free. DirecTV does, however, have circumstantial evidence that Defendant pirated its broadcasts: Defendant purchased illegal piracy equipment. His purchases support the inference that he used his illicit equipment to intercept broadcasts illegally. Under Federal Rule of Civil Procedure 56, summary judgment is inappropriate when the Court concludes as a matter of law that a reasonable jury, upon careful consideration of the evidence, could find for the non-movant (which in this case is DirecTV). *See supra*, pp. 2-3, Standard of Review. The relevant question, therefore, is whether a reasonable jury could, on the basis of DirecTV's circumstantial evidence, conclude that Defendant pirated DirecTV's signals.

A reasonable jury could conclude that Defendant illegally stole DirecTV's programming. Based on their life experience, a jury could reasonably assume that people only buy electronic equipment such as televisions, computers, or (in the case of Defendant) satellite piracy unloopers when they plan to use such equipment. It would be a strange world, after all, if people regularly bought such equipment and then put it in the closet to collect dust. With this assumption in mind, a reasonable jury could then reject Defendant's self-serving testimony that he has never pirated satellite signals and conclude instead that he did what normal people do after they buy electronic equipment – they use it.[2]

Defendant's evidence that he is or perhaps was a DirecTV subscriber in good-standing has minuscule probative value. Defendant's bill from DirecTV, which he attached to his memorandum as an exhibit, indicates only that he paid for one month of DirecTV in the summer of 2003 and was being billed for a subsequent month. Defendant apparently hopes to use this circumstantial evidence to support the inference that he has never stolen DirecTV programming because he has paid for at least one month of it. It is self-evident, however, that a single payment to DirecTV a few months ago does not prove in any way that Defendant never used his unloopers, purchased in March 2001, to steal DirecTV broadcasts.[3]

---

[2] To the extent that the *Jacas* opinion concludes that DirecTV's circumstantial evidence is inadequate as a matter of law to support an inference of signal piracy, this Court respectfully disagrees.

[3] Other than to note that casting gratuitous aspersions on the integrity of DirecTV is improper, the Court will ignore Defendant's unsupported conclusion that DirecTV's lawsuit against him is cynical and abusive.

### 4. Is summary judgment appropriate?

Summary judgment is inappropriate. While DirecTV failed to oppose Defendant's motion for summary judgment on the only pending claims and Defendant based his motion on a misunderstanding of the law, the uncontroverted evidence before the Court nonetheless establishes the existence of a disputed question of material fact. In this case, the Court must look past the substandard memoranda and into the record because it is anathema to justice to resolve a genuine controversy simply by weighing the errors of one party against the errors of another. Despite the efforts of Plaintiff and Defendant to obfuscate the issue, liability under counts one and two of the complaint depends on the resolution by a jury of a material question of fact: does Defendant's purchase of two unloopers support the inference that he used those pirate access devices to steal DirecTV programming? The Court, therefore, denies Defendant's motion for summary judgment and instructs the parties, especially counsel for DirecTV, to adhere in the future to a higher standard of professionalism.[4]

---

[4] While it is true that *pro se* parties like Defendant are entitled to lenience from the Court, this is not a license to ignore the duty to research both the facts and the law. Defendant is reminded that his decision to proceed *pro se* does not mean that the Court steps in on his behalf as legal counsel.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. No. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 20th day of November, 2003.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT
CHIEF UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

F I L E   C O P Y

ate Printed: 11/20/2003


otice sent to:

    ___  Dale Miller
           1421 Falconwood Court
           Apopka, FL  32712

           6:03-cv-01027    rdo

    ___  Michael T. Sheridan, Esq.
           Stump, Storey, Callahan & Dietrich, P.A.
           37 N. Orange Ave., Suite 200
           P.O. Box 3388
           Orlando, FL  32802-3388

           6:03-cv-01027    rdo

    ___  Richard Trapp
           Law Office of Richard Trapp
           2518 Edgewater Dr., Suite 4
           Orlando, FL  32804

           6:03-cv-01027    rdo

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

**SHERYL L. LOESCH**
CLERK OF COURT
80 NORTH HUGHEY AVENUE
ORLANDO, FLORIDA 32801-2278

www.flmd.uscourts.gov

11/20/03

To:
Michael T. Sheridan
Stump, Storey, Callahan & Dietrich, P.A.
37 N. Orange Ave., Suite 200 P.O. Box 3388
Orlando, FL   32802

Re:    Official Facsimile Transmittal of Court Document

---

Enclosed Court document entered in:

case number:        6:03-cv-01027

instrument number:  29

If after three attempts this fax fails, then we will print this document and mail it to you. For questions, please call:   407-835-4200

Number of pages including cover sheet:   11

This facsimile may contain PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify the United States District Court at:   407-835-4200
Thank you for your cooperation.